The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
July 9, 2026

**2026 COA 59**

**No. 25CA1446, *Dreifus v. Glenarm Dining Services, Inc.* — Arbitration — Colorado Uniform Arbitration Act — Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021**

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (the EFAA) precludes a party from compelling a litigant to arbitrate sexual harassment claims based on a predispute arbitration agreement.  The EFAA provides that, "at the election of the person alleging conduct constituting a sexual harassment dispute . . . , no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under . . . [s]tate law and relates to . . . the sexual harassment dispute."  9 U.S.C. § 402(a).  No reported Colorado case has addressed the extent to which the EFAA applies to a case in which

some, but not all, of the allegations underlying the claims asserted by the plaintiff pertain to sexual harassment.

For the first time in a published Colorado opinion, a division of the court of appeals addresses this question. The division concludes that the EFAA applies to an entire case, rather than to individual claims, provided the claims are "relate[d] to" allegations of sexual harassment. *Id.* The division concludes that all the plaintiff's claims relate to her allegations of sexual harassment and therefore affirms the district court's order denying the defendant's motion to compel arbitration.

COLORADO COURT OF APPEALS **2026 COA 59**

Court of Appeals No. 25CA1446
City and County of Denver District Court No. 24CV32956
Honorable Andrew P. McCallin, Judge

Dana Dreifus,

Plaintiff-Appellee,

v.

Glenarm Dining Services, Inc., d/b/a Diamond Cabaret; RCI Hospitality Holdings, Inc.; and Big Sky Hospitality Holdings, Inc.,

Defendants-Appellants.

ORDER AFFIRMED

Division V
Opinion by JUDGE SCHUTZ
Lipinsky and Yun, JJ., concur

Announced July 9, 2026

Livelihood Law, LLC, Rachel E. Ellis, Kit. E. Longnecker, Denver, Colorado, for Plaintiff-Appellee

The Litigation Boutique LLC, Leah P. VanLandschoot, Ruth A. McLeod, Denver, Colorado, for Defendants-Appellants

Arckey & Steele, LLC, Thomas J. Arckey, Denver, Colorado; Ogborn Mihm LLP, Clayton E. Wire, Denver, Colorado, for Amicus Curiae Colorado Plaintiff Employment Lawyers Association

¶ 1     This appeal arises from a lawsuit that plaintiff, Dana Dreifus,

filed against her former employer, Glenarm Dining Services, Inc.,

d/b/a Diamond Cabaret (Glenarm), asserting sexual harassment

and related retaliation claims.  Glenarm moved to dismiss Dreifus's

claims and to compel arbitration under an arbitration agreement

that she signed as part of her employment.  The district court

entered an order denying Glenarm's motion, prompting this appeal.

We affirm the order.

## I.     Background

¶ 2     Glenarm owns and operates the Diamond Cabaret, a Denver

adult nightclub.  Dreifus worked at the Diamond Cabaret as a

bartender.  As part of her employment, Dreifus signed an

arbitration agreement with Glenarm that provides, in relevant part,

as follows:

> The parties agree that any and all
> controversies, disputes, or claims between the
> parties, including, but not limited to, any and
> all controversies, disputes, or claims arising
> out of or related in any way to [Dreifus's]
> employment, or other relationships, with
> [Glenarm], or in connection with any future
> relationship of any kind between the parties,
> whether contractual, in tort, or based upon
> statute, shall be exclusively decided by binding
> arbitration . . . .  The parties waive any right to

1

litigate such controversies, disputes, or claims covered by this Arbitration Agreement . . . .

¶ 3    Dreifus filed her complaint against Glenarm in the Denver District Court.  Her initial complaint contained seven claims: (1) sexual harassment under the Colorado Anti-Discrimination Act (CADA), §§ 24-34-400.2 to -408, C.R.S. 2025; (2) sex discrimination under CADA; (3) retaliation under CADA; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) negligent supervision; and (7) false representation.

¶ 4    In her complaint, Dreifus alleged that one of her supervisors, John Gay, sent her unwelcome messages over a social media messaging app.  She alleged that these messages escalated over several months, even after she made clear to Gay that she did not want to be in a romantic relationship with him.  Dreifus also alleged that the process for reporting his behavior was both difficult and emotionally taxing.

¶ 5    Glenarm moved to dismiss Dreifus's complaint under C.R.C.P. 12(b)(5), arguing that she had failed to state a claim.  The court denied the motion.  Glenarm then filed its answer to the complaint.

Dreifus later moved to amend her complaint to add facts that allegedly occurred after she filed her initial complaint.

¶ 6     The amended complaint added factual allegations that Glenarm placed Dreifus on administrative leave the day before filing its motion to dismiss and fired her five days later. The amended complaint also included new factual allegations that Denver Labor, a division of the Denver Auditor's Office, had disclosed Dreifus as a potential witness in a wage violation investigation involving the Diamond Cabaret. Dreifus alleged that Glenarm terminated her employment in retaliation for her participation as a potential witness and for filing a sexual harassment and discrimination lawsuit. The amended complaint did not add any new claims or alter Dreifus's original claims — it only updated her factual allegations.

¶ 7     Glenarm opposed the motion to amend, arguing that the factual allegations Dreifus sought to add to her complaint were unrelated to her sexual harassment claim, which Glenarm had conceded was not subject to arbitration under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (the EFAA), 9 U.S.C. §§ 401-402. For this reason, according to

Glenarm, Dreifus's new factual allegations were subject to mandatory arbitration under the arbitration agreement. The court granted Dreifus's motion to amend, without explanation.

¶ 8 Dreifus then moved for partial summary judgment concerning the relationship between Glenarm and two holding companies, Big Sky Hospitality Holdings, Inc., and RCI Hospitality Holdings, Inc. Contemporaneously, Glenarm filed a motion to dismiss under C.R.C.P. 12(b)(1) and to compel arbitration, arguing the EFAA only applied to Dreifus's sexual harassment claim.

¶ 9 Congress enacted the EFAA in 2021, as an amendment to the Federal Arbitration Act, and President Biden signed the bill into law on March 3, 2022. The EFAA prevents the "enforcement of otherwise enforceable arbitration agreements for claims arising from sexual harassment." *Turner v. Tulsa, Inc.*, 686 F. Supp. 3d 917, 921 (N.D. Cal. 2023). It provides that, "at the election of the person alleging conduct constituting a sexual harassment dispute . . . , no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under . . . [s]tate law and relates to . . . the sexual harassment dispute." 9 U.S.C. § 402(a); *see also* 9 U.S.C. § 401(4) ("The term 'sexual harassment dispute'

4

means a dispute relating to conduct that is alleged to constitute sexual harassment under applicable . . . [s]tate law.").

¶ 10 Glenarm argued that Dreifus's new factual allegations were too far removed in time and subject from her sexual harassment claim to trigger the EFAA. As a result, Glenarm asserted that all of Dreifus's claims premised on allegations that did not involve sexual harassment were subject to arbitration.

¶ 11 Dreifus argued that her new factual allegations did not impact the EFAA's application to her case because her amended complaint remained grounded in the allegations of sexual harassment and Glenarm's resulting retaliation against her. Moreover, Dreifus noted, Glenarm had implicitly conceded that all her original claims fell under the EFAA by not pursuing arbitration of her original complaint. Therefore, Dreifus argued, no portion of her amended complaint was subject to arbitration.

¶ 12 The court denied both Dreifus's motion for partial summary judgment and Glenarm's motion to dismiss and compel arbitration. The court denied Glenarm's motion because it determined that the EFAA applied to Dreifus's entire case. Moreover, the court noted that Dreifus alleged that Glenarm's termination of her employment

in December 2024 was part of its retaliation against her for her sexual harassment allegations and filing this lawsuit. Therefore, the court concluded that no portion of the case was subject to the arbitration agreement.

¶ 13  Glenarm appeals the district court's order denying its motion to dismiss and compel arbitration. *See Winter Park Real Estate & Invs., Inc. v. Anderson*, 160 P.3d 399, 402 (Colo. App. 2007) (an order denying a motion to compel arbitration is immediately appealable); § 13-22-228(1)(a), C.R.S. 2025 ("An appeal may be taken from . . . [a]n order denying a motion to compel arbitration.").

## II.  Issues on Appeal

¶ 14  Glenarm raises two interrelated contentions in this interlocutory appeal. First, it argues that the district court erroneously applied Rule 12(b)(5) standards when resolving the motion to dismiss and compel arbitration, even though Glenarm brought it under Rule 12(b)(1). Glenarm argues that this error was material because it led the court to resolve the Rule 12(b)(1) motion to dismiss by considering the evidence in the light most favorable to Dreifus, rather than holding an evidentiary hearing to resolve any disputed issues of fact before ruling on the motion.

¶ 15    Second, Glenarm asserts that the district court erred by denying the motion because it applied the wrong procedural standard and failed to recognize that the new factual allegations did not relate to Dreifus's original sexual harassment claim.  Glenarm argues that it did not seek to compel arbitration after Dreifus filed her initial complaint because all her original claims involved sexual harassment allegations and were "arguably excused" from arbitration under the EFAA.  However, because Dreifus amended her complaint to include factual allegations related to events that occurred after she filed the suit, Glenarm argues that the new allegations fell outside the scope of the EFAA.

¶ 16    Dreifus responds that she amended her complaint not to add claims, but rather to provide additional factual allegations supporting her existing claims.  And, her argument continues, the addition of new factual allegations concerning her role as a witness in the related wage dispute did not remove this case from the EFAA's provisions.

¶ 17    We begin by addressing Glenarm's second issue before turning to the first.

## A. The EFAA Applies

### 1. Standard of Review

¶ 18 We review a district court's statutory interpretation de novo. *Klabon v. Travelers Prop. Cas. Co. of Am.*, 2024 CO 66, ¶ 12.

¶ 19 Likewise, "[w]e review de novo the district court's decision on a motion to compel arbitration." *Fresquez v. Trinidad Inn, Inc.*, 2022 COA 96, ¶ 13 (citation omitted). When considering such a motion, the court must determine whether there is a valid agreement to arbitrate. *Id.* If there is a valid agreement, then the court must determine whether the issues in question are within the scope of the arbitration agreement. *Id.*

¶ 20 "Under Colorado's [version of the Uniform Arbitration Act, §§ 13-22-201 to -230, C.R.S. 2025], a valid, enforceable arbitration provision divests trial courts of jurisdiction over all questions that are to be submitted to arbitration, pending the conclusion of arbitration." *Lane v. Urgitus*, 145 P.3d 672, 679 (Colo. 2006). When reviewing a motion to dismiss and compel the matter into arbitration, if there are disputed issues of material fact necessary to resolve the motion, the district court "should proceed expeditiously in holding an evidentiary hearing to consider the disputed facts and

resolve the party's challenge to the arbitration agreement." *J.A. Walker Co. v. Cambria Corp.*, 159 P.3d 126, 130 (Colo. 2007); § 13-22-207(1)(b), C.R.S. 2025 (When the facts underlying an opposed motion to require arbitration are undisputed, "the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.").

## 2. Analysis

¶ 21 We have not found any reported Colorado decisions addressing the scope of the EFAA, and the parties do not point to any. But we have the benefit of several federal court decisions addressing the topic. "[W]hile we are bound by decisions of the United States Supreme Court on matters of federal law, we are not bound by the decisions of the lower federal courts." *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 493 (Colo. App. 2008). Nonetheless, when interpreting a federal statute, we may consider such decisions for their persuasive value. *Liberty Bankers Life Ins. Co. v. First Citizens Bank & Tr. Co.*, 2014 COA 151, ¶ 10 n.3.

¶ 22 The EFAA broadly exempts sexual harassment claims from compelled arbitration pursuant to a predispute arbitration

9

agreement. 9 U.S.C. § 402(a); *see also* 9 U.S.C. § 401(1) ("The term 'predispute arbitration agreement' means any agreement to arbitrate a dispute that had not yet arisen at the time of the making of the agreement.").

¶ 23 The district court concluded that the EFAA applied to all of Dreifus's claims, thus excluding them from the arbitration provision. In doing so, the court relied on two federal cases, *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535 (S.D.N.Y. 2023), and *Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74 (2d Cir. 2024), both of which interpreted the language of the EFAA broadly to include situations when some, but not all, of the asserted claims are based on sexual harassment allegations. *See* 9 U.S.C. § 401(4).

¶ 24 In *Johnson*, the plaintiff brought eight claims, two of which expressly alleged sexual harassment. 657 F. Supp. 3d at 546-47. The court first evaluated whether the sexual harassment claims were plausibly pleaded under state law and then analyzed whether the EFAA applied to all eight of her claims or just the two claims directly alleging sexual harassment. *Id.* at 554. The court determined that the EFAA applied to all eight of Johnson's claims

because the statute's language is clear, applies specifically to "a case," and is not limited to "a claim":

> The term "case" is familiar in the law. Dictionaries define a "case" as "a suit or action in law or equity," or "a civil or criminal proceeding, action, suit, or controversy at law or in equity." "[C]ase" thus captures the legal proceeding as an undivided whole. It . . . does not differentiate among causes of action within it. The term "case" stands in contrast to the terms "claim" and "cause of action." A "claim" is "a right to something," or "the assertion of an existing right; any right to payment or to an equitable remedy." A "cause of action" is "the grounds (such as violation of a right) that entitle a plaintiff to bring a suit," "a group of operative facts giving rise to one or more bases for suing," or "a factual situation that entitles one person to obtain a remedy in court from another person." Case law is, unsurprisingly, in accord. It underscores that a "case" or "action" refers to an overall legal proceeding filed in a court, whereas a "claim" or a "cause of action" refers to a specific assertable or asserted right within such a proceeding.

*Id.* at 558-59 (citations omitted).

¶ 25    Similarly, in *Olivieri,* the Second Circuit Court of Appeals held that an arbitration agreement was unenforceable under the EFAA as to Olivieri's entire case. 112 F.4th at 92. Olivieri alleged that her work supervisors had sexually harassed her for several years and that one of them had sexually assaulted her prior to the EFAA's

enactment. *Id.* at 78-82. In addition to these claims of sexual harassment and sexual assault, Olivieri's claims also included allegations of a hostile work environment. Although the federal district court initially granted the defendants' motion to compel arbitration, it subsequently granted Olivieri's motion for reconsideration of that order in light of the EFAA's enactment. *Id.* at 83-84.

¶ 26    On appeal, the Second Circuit noted that some of Olivieri's claims were "made up of a series of acts" and, therefore, "accrue[d] and reaccrue[d] with each successive act that [wa]s part of the singular unlawful practice." *Id.* at 88. Thus, while the EFAA does not typically apply retroactively, the Second Circuit concluded that the EFAA applied to the whole case because the hostile work environment claims continued to accrue after the EFAA's enactment, and the facts supporting the hostile work environment claims were "relat[ed] to conduct that [had been] alleged to constitute sexual harassment." *Id.* at 92 (quoting 9 U.S.C. § 401(4)).

¶ 27    We find the Second Circuit's interpretation of the term "case" and the phrase "related to" as used in the EFAA persuasive. In her

amended complaint, Dreifus alleged new facts, but those facts related to the sexual harassment claim and did not constitute either a separate claim or a separate case. Indeed, the amended complaint added the following allegations:

> After Ms. Dreifus filed two charges of discrimination, filed this lawsuit alleging sexual harassment and discrimination, and participated in Denver Labor's wage investigation as a witness, Defendants willfully retaliated against Ms. Dreifus by putting her on paid administrative leave and then terminating her for her "disruptive" protected activity and unsubstantiated minor policy violations.

As these allegations make clear, Dreifus claimed that Glenarm terminated her employment as part of a continuing pattern of harassment and retaliation stemming from her filing of this sexual harassment and discrimination lawsuit, and her role as a witness in the Denver Labor wage investigation.

¶ 28    As the Second Circuit reasoned in *Olivieri*,

> This Court has recognized that retaliation for reporting discrimination "is reasonably related to the underlying discrimination," such that a plaintiff who exhausts a discrimination claim with the [Equal Employment Opportunity Commission] may also pursue a claim for retaliation. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir.

13

2001) (internal quotation marks and citation omitted). Under similar reasoning, retaliation resulting from a report of sexual harassment is "relat[ed] to conduct that is alleged to constitute sexual harassment." 9 U.S.C. § 401(4); *see Johnson*, 657 F. Supp. 3d at 551 n.13, 559 (reaching same conclusion).

*Olivieri*, 112 F.4th at 92.

¶ 29    Glenarm argues that the district court's reliance on *Olivieri* is misplaced because that case evaluated only the narrow issue of the EFAA's applicability to claims that arose, in part, prior to its enactment. Glenarm also argues that the district court relied too heavily on *Johnson*'s broad reading of the "case" portion of the EFAA without adequately considering the "related to" language in the EFAA.

¶ 30    Glenarm cites *Ding v. Structure Therapeutics, Inc.*, 755 F. Supp. 3d 1200 (N.D. Cal. 2024), to support its argument that Dreifus's additional factual allegations are not adequately "related to" her original sexual harassment claim such that they fall under the EFAA's exemption. However, Glenarm's reliance on *Ding* is misplaced.

¶ 31    In *Ding*, the dispute proceeded to an arbitration that closed before the plaintiff filed an action in federal court. *Id.* at 1207.

14

Ding's complaint included sexual harassment claims that she had not raised during the arbitration process. *Id.* Ultimately, the court concluded that the EFAA applied to Ding's entire case. *Id.* at 1218-19. In doing so, the court cited *Johnson* with approval:

> In *Johnson*, for example, the plaintiff brought claims for race discrimination, sexual harassment, and gender discrimination, just as [Ding] does here. *Johnson*, 657 F. Supp. 3d at 546-47. The court did not compel arbitration of the non-EFAA claims because the statute requires "invalidation of an arbitration agreement . . . to the entirety of the case *relating to the sexual harassment dispute*, not merely the discrete claims in that case that themselves either allege such harassment or relate to a sexual harassment dispute." *Id.* at 559.

*Ding*, 755 F. Supp. 3d at 1219.

¶ 32    Glenarm also argues that Dreifus's additional factual allegations support only a claim of retaliation for participating in the wage theft investigation. It argues that Dreifus's new allegations are too far removed, factually and temporally, from Dreifus's sexual harassment claim, and therefore all of her claims — except her sexual harassment claim — are subject to arbitration. We are not persuaded.

¶ 33    The EFAA's language is broad and unambiguous: "[A] case" encompasses all of the claims brought in a single action rather than individual allegations or claims.[1]  And the EFAA's "relat[ed] to" requirement is satisfied by Dreifus's allegation that her termination was based, at least in part, on her lawsuit alleging sexual harassment.  *Olivieri*, 112 F.4th at 92 (quoting 9 U.S.C. § 401(4)).

¶ 34    As in *Johnson*, we recognize that there may be an outer limit in which a claim is so attenuated from the claims of sexual harassment that it falls outside the EFAA's "related to" requirement.  *See Johnson*, 657 F. Supp 3d at 562 n.23 ("The Court does not have occasion here to consider the circumstances under which claim(s) far afield might be found to have been improperly joined with a claim within the EFAA so as to enable them to elude a binding

---

[1] At various times in its briefing before the district court and on appeal, Glenarm asserts that some of Dreifus's *allegations* should be subject to arbitration, and, at other points, it asserts that some of Dreifus's *claims* should be arbitrated.  The mixed nomenclature is perplexing because allegations — in and of themselves — are not actionable, whether in a court or an arbitration proceeding.  The allegations must assert an actionable claim.  In other words, mere allegations standing alone are not actionable in court or arbitration proceedings.

16

arbitration agreement."). But we need not spill unnecessary ink in exploring that line.

¶ 35 It clearly was not approached — must less crossed — in this case because Dreifus expressly alleged that her termination was based, at least in part, on her sexual harassment claim and her filing of this case. Thus, the new allegations are related to her original claims, which Glenarm conceded were not subject to the arbitration provision. *See id.* ("Johnson's claims against Everyrealm and its executives all arise from his employment at Everyrealm and are clearly properly joined in a common lawsuit."); 9 U.S.C. § 402(a).

¶ 36 The only case the parties cite that reached a different outcome is *Mera v. SA Hospitality Group, LLC*, 675 F. Supp. 3d 442, 446-48 (S.D.N.Y 2023) (*Mera I*), which has since been reversed, in relevant part, by *Mera v. SA Hospitality Group, LLC*, No. 23-cv-03492, 2025 WL 3202080 (S.D.N.Y. Nov. 17, 2025) (unpublished opinion) (*Mera II*). The court in *Mera II* said that, "[s]ince *Johnson*, most courts in this District confronting the issue have concluded that where [the EFAA] applies and is invoked by plaintiff, an arbitration agreement

is unenforceable as to plaintiff's entire 'case,' and not just with respect to plaintiff's sexual harassment claims." *Id.* at *7.

¶ 37 Shortly before oral argument, Glenarm submitted supplemental authority that included a number of recent decisions. At oral argument, Glenarm argued that *Butler v. JSerra Catholic High School*, No. 25-cv-01430, 2026 WL 1353475 at *5 (C.D. Cal. Apr. 10, 2026) (unpublished order), was the recent case most favorable to its position. But *Butler* is distinguishable.

¶ 38 The plaintiff in *Butler* initially brought a sexual harassment claim. The defendants moved to dismiss the complaint, but the district court denied the motion based on the EFAA. *Id.* at *1. The plaintiff subsequently amended her complaint to bring a wage and hour claim. *Id.* The federal district court summarized the factual allegations supporting the wage claim as follows:

> During a three-day field trip to Arizona that Plaintiff went on with her basketball team, Defendants expected Butler to be on duty and have supervisory responsibility over her players "24/7." Plaintiff was not provided any meals or rest breaks during this period and was not paid overtime for hours worked in excess of eight per day. . . . Plaintiff claims that similar violations occurred on other overnight field trips.

18

*Id.* at *2 (citation omitted). The defendants moved to dismiss the wage and hour claim. *Id.*

¶ 39 The district court granted the motion, reasoning as follows:

> The Wage-and-Hour Claims do not "relate" to Plaintiff's sexual harassment claims. Rather, they rest on an entirely independent basis — violations of the California Labor and Business and Professions Code. These claims have nothing to do with the alleged sexual harassment of Plaintiff and are not tied to her alleged sexual harassment. In other words, the Wage-and-Hour Claims are entirely independent of Plaintiff's sexual harassment claims. For example, Plaintiff could file an entirely different case premised solely on the Wage-and-Hour Claims without any need to reference her alleged sexual harassment. Thus, these wage-and-hour claims are simply too far afield to fall under the scope of the EFAA. Accordingly, Plaintiff must pursue these claims in arbitration if she wishes to bring them.

*Id.* at *4.

¶ 40 In contrast to the facts in *Butler*, Dreifus's allegations regarding her termination are not independent of her sexual harassment allegations or her involvement as a witness in the wage theft investigation. Indeed, Dreifus specifically alleged that her termination was based, in part, on her filing of "this lawsuit based

19

on sexual harassment and discrimination." Thus, *Butler*'s holding does not apply, and Dreifus's retaliation claim falls under the EFAA.

¶ 41     In sum, the EFAA applies to "a case" that "relates to . . . the sexual harassment dispute." 9 U.S.C. § 402(a). And the additional facts that Dreifus alleged in her amended complaint to support her existing claims were "relate[d] to" her sexual harassment allegations. *Id.* Therefore, the district court did not err by determining that the EFAA applies to the entirety of Dreifus's case. It necessarily follows that there was no basis for the district court to compel arbitration of any of her claims, including those related to Dreifus's termination and her role as a witness in Denver Labor's wage theft investigation.

### B.     The Dismissal Standards

¶ 42     We now turn to whether the district court erred by denying Glenarm's motion to dismiss after evaluating the motion under the Rule 12(b)(5) standard instead of the Rule 12(b)(1) standard.

¶ 43     We perceive no reversible error.

#### 1.     Preservation, Standard of Review, and Applicable Law

¶ 44     Glenarm argues, Dreifus concedes, and we agree that Glenarm preserved its claim that the trial court erred by applying the Rule

12(b)(5) standard when resolving Glenarm's Rule 12(b)(1) motion. But as explained more fully below, we disagree that Glenarm preserved its more specific appellate argument — that disputed issues of fact necessitated an evidentiary hearing before the district court resolved the motion to dismiss.

¶ 45 We review de novo a district court's decision on a motion to dismiss. *Miller v. Bank of N.Y. Mellon*, 2016 COA 95, ¶ 15.

¶ 46 A motion to dismiss for failure to state a claim is brought under Rule 12(b)(5). When considering such a motion, the district court must evaluate whether the plaintiff's allegations, taken as true and viewed in the light most favorable to the plaintiff, support a plausible claim for relief. *Andres Trucking Co. v. United Fire & Cas. Co.*, 2018 COA 144, ¶ 14.

¶ 47 A motion to dismiss pursuant to Rule 12(b)(1) is based on a "lack of jurisdiction over the subject matter." Likewise, a "motion to compel arbitration is a motion to dismiss for lack of subject matter jurisdiction." *Tolle v. Steeland, LLC*, 2023 COA 84, ¶ 14 (citation omitted). When "jurisdictional facts are in dispute, the trial court should conduct an evidentiary hearing" on those facts "before ruling on the jurisdictional issue." *Padilla v. Sch. Dist. No. 1*, 25 P.3d

1176, 1180 (Colo. 2001); *see Trinity Broad. of Denv., Inc. v. City of Westminster*, 848 P.2d 916, 924 (Colo. 1993); *Medina v. State*, 35 P.3d 443, 449 (Colo. 2001). However, "[w]hen there is no evidentiary dispute, the trial court may rule without a hearing." *Tidwell v. City & County of Denver*, 83 P.3d 75, 85-86 (Colo. 2003). And when there are no disputed jurisdictional facts, "we accept as true the material facts in the complaint." *Tolle*, ¶ 14 (citing *City & County of Denver v. Dist. Ct.*, 939 P.2d 1353, 1358 (Colo. 1997)).

### 2. Analysis

¶ 48 Glenarm argues that the new factual allegations in Dreifus's amended complaint related solely to her involvement as a witness in the wage theft investigation and not her sexual harassment claim. In contrast, Dreifus argues that her amended complaint, including its termination allegations, reflects ongoing retaliation against her for reporting the alleged sexual harassment and filing this lawsuit. She maintains that Glenarm terminated her after she participated as a witness in the Denver Labor wage theft investigation, but she does not allege that this was the only or even the primary reason for the termination.

22

¶ 49 Glenarm argues that the district court needed to resolve this factual dispute before ruling on the motion to dismiss instead of simply accepting Dreifus's allegations as true and viewing them in the light most favorable to her. A contested evidentiary hearing, Glenarm argues, would have revealed that it did not terminate Dreifus's employment in retaliation for her filing the sexual harassment and sexual assault charges or this lawsuit.

¶ 50 Glenarm's argument has some initial appeal. The district court did state that, when considering the motion to dismiss, it "must accept [Dreifus's] allegations as true and view [them] in a light most favorable to [Dreifus]," and it cited *Allen v. Steele*, 252 P.3d 476, 481 (Colo. 2011). This is, as Glenarm notes, the Rule 12(b)(5) standard, and *Allen* arose in the Rule 12(b)(5) context, not the Rule 12(b)(1) context. Nevertheless, Glenarm's contention fails on closer examination.

¶ 51 Recall that the EFAA defines the phrase "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under . . . [s]tate law." 9 U.S.C. § 401(4). And the EFAA does not expressly contemplate the resolution of disputed factual allegations prior to resolving a motion

to dismiss. Thus, there is some question whether the EFAA even contemplates a *Trinity*-type hearing as a means of resolving disputed factual allegations, relevant to a motion to dismiss, that implicate the EFAA. *See Trinity Broad. of Denv.*, 848 P.2d at 924. But we need not resolve that question — which neither party raised — because Glenarm's argument fails for other reasons.

¶ 52 First, in its motion to dismiss and compel arbitration, Glenarm did not point to any disputed issues of fact relevant to resolving the motion, and it did not request an evidentiary hearing to address any factual disputes.

¶ 53 Second, aside from its conclusory assertion that Dreifus's retaliation allegations were disputed, Glenarm failed to identify any documents, affidavits, deposition testimony, or other evidence identifying specific material factual allegations that it disputed. Indeed, Glenarm attached only two exhibits to its motion to dismiss and compel arbitration: the arbitration agreement and Dreifus's charge of discrimination filed with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission. In the charge, Dreifus swore, under penalty of perjury, to the following facts:

*Discrimination Statement:* I believe I was unlawfully retaliated against for engaging in protected activity in violation of the Colorado Anti-Discrimination Act (CADA) and Title VII of the Civil Rights Act of 1964.

. . . .

(b) I filed a Complaint in Denver District Court on September 27, 2024, based on my claims under CADA and related torts.

(c) On October 2, 2024, during the course of an investigation into wage theft at the Diamond Cabaret, Denver Labor disclosed that I was a witness.

(c) [sic] On October 11, 2024, a large razor blade was found in my speed rack behind the bar. There is no reason for a razor blade to be behind the bar.

(d) Respondent accepted service of the Complaint on October 30, [2024].

(e) In mid-November, a new bartender started training, even though there were no open shifts.

(f) On December 5, 2024, I was placed on paid administrative leave.

(g) On December 6, 2024, The Diamond Cabaret filed a Motion to Dismiss my Complaint in Denver District Court.

(h) On December 10, 2024, [Glenarm] terminated my employment, citing complaints about me, including my "increasingly rude and disruptive behaviors directed toward Diamond

25

employees, staff, and customers," and for alleged policy violations on November 7 and 9, discovered during a "monthly random surveillance audit."

(i) *The "increasingly rude and disruptive behaviors" that [Glenarm] refers to are my complaints of illegal activity, the lawsuit I filed, and my participation as a witness in Denver Labor's investigations into wage theft* at the Diamond Cabaret.

(Emphasis added.)

¶ 54　　In its motion, Glenarm identified no facts or statements that contradicted Dreifus's clear assertion that the new factual allegations in her amended complaint related to her sexual harassment suit. *See Tolle*, ¶ 14 ("The defendants — as the parties seeking to stay the judicial proceedings and to compel arbitration — have 'the burden of establishing that the matter is subject to arbitration.'" (quoting *Smith v. Multi-Financial Sec. Corp.*, 171 P.3d 1267, 1270 (Colo. App. 2007))).

¶ 55　　True, in its reply brief, Glenarm argued that Dreifus's response to the motion improperly relied on the Rule 12(b)(5) standard. And in that context, Glenarm asserted that, under *City & County of Denver*, 939 P.2d at 1364, the district court needed to "accord the parties a presumption in favor of [arbitration]" and

"resolve all doubts about the scope of the [arbitration] clause in favor of the [arbitration] mechanism." But nowhere in its motion to dismiss did Glenarm argue that the court was required to hold an evidentiary hearing to resolve disputed issues of fact. And as previously explained, the only evidence that Glenarm attached to its motion were the arbitration agreement and Dreifus's charge of discrimination, which set forth her sworn statement that her termination related, in part, to her sexual harassment lawsuit.

¶ 56 Glenarm did, through counsel's argument, assert that the connection between the termination and the sexual harassment was disputed. But arguments of counsel are not facts and do not create factual disputes. *See City of Aurora v. ACJ P'ship*, 209 P.3d 1076, 1087 (Colo. 2009) ("The argument of counsel, standing alone, does not create a genuine issue of material fact.").

¶ 57 The district court cannot be criticized for not holding an evidentiary hearing when Glenarm failed to request one or identify any disputed factual issues — other than the ultimate conclusion of whether Dreifus's alleged facts supported a finding that her termination was "related to" her claims of sexual harassment and filing of this lawsuit. *See Reno v. Continuum at Sharmar, Inc.*, 2026

27

COA 46, ¶ 47 (concluding that the district court had "no obligation to hold an evidentiary hearing" when the moving party failed to provide any evidence to support his request for arbitration). As referenced above, when resolving a motion to dismiss for lack of subject matter jurisdiction in which no disputed facts are identified, "we accept as true the material facts in the complaint." *Tolle*, ¶ 14. Recall that, in her amended complaint, consistent with the allegations in her charge of discrimination, Dreifus alleged as follows: "After Ms. Dreifus filed two charges of discrimination, filed this lawsuit alleging sexual harassment and discrimination, and participated in Denver Labor's wage theft investigation as a witness, [Glenarm] willfully retaliated against Ms. Dreifus by putting her on paid administrative leave and then terminating her . . . ."

¶ 58 When this allegation is taken as true, regardless of whether it is viewed simply as true on its face or in the light most favorable to Dreifus, it clearly alleges facts supporting the conclusion that Dreifus's amended complaint, including her termination allegations, related to her underlying sexual harassment claims. *See Olivieri*, 112 F.4th at 92.

### III. Attorney Fees and Costs

¶ 59    Both parties request an award of attorney fees.

¶ 60    Glenarm requests fees for its motion to dismiss and compel arbitration in the district court and its fees on appeal under section 13-17-201, C.R.S. 2025.  However, "[a]n award of attorney fees is appropriate under section 13-17-201 [only] when the trial court dismisses an entire tort action pursuant to C.R.C.P. 12(b)."  *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 606 (Colo. App. 2008).  The district court did not dismiss any claims, and we affirm its order.  Therefore, section 13-17-201 does not apply, and we deny Glenarm's request for attorney fees.

¶ 61    Dreifus also requests an award of her attorney fees on appeal.  Her request reads, in its entirety, as follows: "[Dreifus] requests her attorneys' fees in defending this appeal under § 13-17-102(4), C.R.S. 2025, because [Glenarm] 'unnecessarily expanded the proceeding.'  *See also* C.A.R. 39.1.  Should this Court affirm the district court's Order at issue, [Dreifus] requests her costs incurred in this appeal pursuant to C.A.R. 39(a)(2)."

¶ 62    We decline to grant this undeveloped request.  *See Sos v. Roaring Fork Transp. Auth.*, 2017 COA 142, ¶ 59; C.A.R. 39.1 ("If

attorney fees are recoverable for the appeal, the principal brief of the party claiming attorney fees *must* include a specific request . . . *and must explain the legal and factual basis* for an award of attorney fees." (emphasis added)).

¶ 63 Finally, Dreifus requests an award of attorney fees and costs in the district court under section 24-34-405(5), C.R.S. 2025, of CADA, "should [she] ultimately prevail on any of her claims in this case." Dreifus essentially is requesting our approval for a future award of reasonable fees and costs should she prevail on any of her claims before the district court. Because Dreifus has not prevailed on any claim at this time, we deny her request.

## IV. Disposition

¶ 64 The district court's order is affirmed.

JUDGE LIPINSKY and JUDGE YUN concur.